UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANBAR DIRIR,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL MUKASEY, et al.,<br><br>    Defendants. | Case No. C07-596MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

   This matter comes before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 11.) After reviewing the motion, Defendants' response (Dkt. No. 26), Plaintiff's reply (Dkt. No. 27), and all papers submitted in support thereof, the Court DENIES Plaintiff's motion for the reasons set forth below.

**Background**

   Anbar Dirir was born in Somalia in 1972. In 1990, while still living in Somalia, he fathered a daughter named Amaal. Mr. Dirir fled to Kenya in 1991. (Administrative File at R12.) He was found eligible for resettlement on February 16, 1993. (Id. at R1-2.) On May 20, 2003, he allegedly married a woman named Shukri Ahmed in Nairobi. Ms. Ahmed was not the mother of Plaintiff's daughter Amaal.

   Plaintiff entered the United States as a refugee in June 1, 1993. Ms. Ahmed did not come with him, nor did his daughter Amaal. Plaintiff was granted lawful permanent resident status in the United States on July 1, 1994, retroactive to his admission date.

ORDER — 1

1       Mr. Dirir first applied for naturalization in 1998 but the application was denied in
2 December 2000. Mr. Dirir filed a second naturalization application in April 2003. He was
3 interviewed on this application on October 21, 2003, and passed the English and civics/history
4 examinations. (Id. at L232.) Following the interview, Plaintiff was asked to submit proof that he
5 was providing child support for Amaal, his child in Somalia. (Id. at L53-54.) Mr. Dirir submitted
6 an affidavit certifying that he regularly sent money to Amaal, but noted the difficulty in ensuring
7 that the money was actually received. (Id. at R42.)

8       On December 13, 2005, Plaintiff's counsel sent a letter to USCIS requesting information
9 regarding the status of Plaintiff's application. (Id. at L185.) On March 22, 2006, USCIS directed
10 Plaintiff to submit proof of taxes paid from 2001 to 2006 and proof of child support payments.
11 (Id. at L228.) On April 9, 2006, Plaintiff's attorney submitted the requested information. (Id. at
12 L222-23.) Plaintiff received no further requests for information from USCIS before he filed his
13 complaint in this Court.

14       Mr. Dirir's claims were presented with fourteen other plaintiffs in an amended Complaint
15 for Naturalization, Declaratory Relief and Mandamus filed by Hassan Shamdeen, Case No. C07-
16 164MJP, pursuant to 8 U.S.C. § 1447(b). On Defendants' motion, the Court severed plaintiffs'
17 claims and created fifteen discrete cases. Mr. Dirir was assigned Case No. C07-596MJP.

18       On April 25, 2007, the Court ordered Defendants to show cause why the Court should not
19 grant Mr. Dirir's application for naturalization. (Dkt. No. 2.) Defendants responded to the order
20 with a motion to dismiss or remand. (Dkt. No. 6.) In their motion, Defendants contended that
21 there were "discrepancies" in Plaintiff's application that still needed to be investigated. These
22 discrepancies apparently related to a possibly fraudulent marriage certificate. (See Dkt. No. 17 at
23 4-5.)

24       On August 20, 2007, the Court issued an order in which it concluded that it has
25 jurisdiction over this matter and denied the motion to dismiss or remand. (Dkt. No. 17.) The
26 Court found that:
27

ORDER — 2

> [t]he primary issue raised by the Government is whether there are "discrepancies" in Mr. Dirir's file regarding the [allegedly fraudulent marriage certificate]. This Court is equipped to conduct an evidentiary hearing to resolve this matter and to determine whether Plaintiff's naturalization application should be granted.

(Dkt. No. 17 at 4.) The Court set an evidentiary hearing on the matter for October 26, 2007 and allowed the parties to conduct discovery. (Id.)

Defendants deposed Mr. Dirir on October 11, 2007 and resolved its investigation into the discrepancies in Mr. Dirir's application. (See Dkt. No. 18 at 2.) On October 24, 2007, the parties submitted a joint status report to the Court agreeing that, because USCIS's investigation was complete, the evidentiary hearing was not necessary and Plaintiff's application should be remanded to USCIS for adjudication. (Id.) In the status report, both parties stated that they were "unaware of anything that would prevent CIS from issuing a favorable decision on Plaintiff's naturalization application." (Id.)

On October 24, 2007, the Court remanded the matter to USCIS for adjudication of Mr. Dirir's application. (Dkt. No. 20.) Mr. Dirir was naturalized on October 30, 2007 and the Court issued a final judgment in the matter on November 7, 2007. (Dkt. No. 22.)

Plaintiff now brings this motion for attorneys' fees and costs pursuant to the EAJA.

**Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States must be a prevailing party in the matter to be entitled to attorney's fees. 28 U.S.C. § 2412(d)(1)(A). Two factors define "prevailing party" under the EAJA. Carbonell v. INS, 429 F.3d 894, 898 (9th Cir. 2005). Plaintiff's action must have resulted in a "material alteration" in the parties' legal relationship and that alteration must have been "judicially sanctioned" or stamped with some "judicial imprimatur." Id. at 901.

Although Mr. Dirir ultimately achieved a material alteration in the parties' legal relationship when his application was adjudicated, the change in that relationship was not judicially sanctioned. Instead, this action served as a "catalyst" prompting Defendants to complete their investigation into the circumstances surrounding the "discrepancies" in his

ORDER — 3

application.  See Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001) (rejecting the "catalyst theory" on the ground that it lacks the critical factor of "judicial sanction").

This lawsuit almost certainly motivated Defendants to complete their investigation into the circumstances of Mr. Dirir's allegedly fraudulent marriage certificate.  Further, the deposition allowed by the Court provided the forum for completion of that investigation.  However, the Court did not compel Defendants to complete the investigation, and instead had determined to hold its own evidentiary hearing on the matter.

Before the Court's hearing could take place, both parties informed the Court that the investigation was complete and agreed that remand was appropriate.  (Dkt. No. 18.)  At the parties' request, the Court issued an order remanding the case.  (Dkt. No. 20.)  The Court's instruction requiring that Defendants naturalize Mr. Dirir by November 1, 2007 if his application was granted is insufficient for judicial sanction and does not undermine the fact that Defendants voluntarily completed the investigation and adjudicated Mr. Dirir's application.

**Conclusion**

Because Mr. Dirir is not a prevailing party in this matter, the Court DENIES the motion for attorneys' fees.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: March 10, 2008.

_/s/ Marsha J. Pechman_

Marsha J. Pechman

U.S. District Judge

ORDER — 4